[No. 8093-1-II. Division Two. July 31, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROYAL
OLSEN, *Appellant.*

*Robert Izzo,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Barbara
L. Corey–Boulet, Deputy,* for respondent.

PETRIE, J.*—Defendant, Royal Olsen (identified apparently erroneously as Royal Olson), appeals a judgment and sentence of confinement for a maximum term of 10 years following his conviction by jury verdict of the crime of second degree assault, RCW 9A.36.020(1)(b). On appeal, his court appointed counsel contends he was denied a fair trial because of the fact that during the course of the trial Olsen was constantly escorted by at least one deputy sheriff in the presence of the jury. Mr. Olsen's trial counsel was presented with the dilemma of whether (1) to ignore that fact

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals, pursuant to CAR 21(c).

and let the jury infer adversely as to his dangerousness, or (2) to ask the court to instruct the jury that it should not draw any adverse inference from the presence of the uniformed deputy. Trial counsel resolved that dilemma by requesting the trial court to instruct the jury properly on the matter.

In the absence of the jury, the trial court asked both Mr. Olsen and his attorney in open court whether each requested the court to instruct the jury on the issue. Each responded affirmatively. Thereupon, in the presence of the jury, the court announced:

> [I]f any of you have observed that the defendant is in custody, I want to instruct you that [you] are not to draw any inferences by reason of the fact that the defendant is in custody; it is probably obvious to all of you, anyway. But you are not to draw any inferences from the fact that the defendant is in custody.

Counsel on appeal assigns error to the fact that the trial court permitted "the presence of uniformed deputies in the courtroom."

We need not detail the facts presented to the jury. The female victim of the assault was severely pistol–whipped by a person she knew. Olsen's fingerprints were found on the toilet seat in the victim's bathroom. She testified that Olsen beat her and that, except for the day of the assault, she had not seen Olsen for over 3 months. The jury believed her.

█ Because of the nature of the crime, we can understand the dilemma which confronted Olsen's trial counsel. Nevertheless, we have previously held that allowing the presence of an armed, uniformed deputy sheriff during trial of a criminal matter is a discretionary matter for the trial court. We will not grant a new trial on that basis unless we can hold that the trial court manifestly abused that discretion. *State v. Basford,* 1 Wn. App. 1044, 467 P.2d 352 (1970). We see no reason to modify that holding in the case at bench.

Following 15 pages of argument on this issue in defendant's brief, counsel directs our attention to *Anders v. Cali-*

*fornia,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) and *State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970), and invites us to examine several other issues. Counsel apparently misunderstands *Anders* and *Theobald.*

In *Anders,* the Court examined a practice then authorized by the California courts when counsel for an indigent defendant in a criminal matter faced the choices, on the one hand, of having the obligation of filing an appellate brief for his client, and, on the other hand, having conscientiously determined that there is no merit to his client's appeal. The California practice permitted such counsel to advise the appellate court simply by *letter* that counsel has concluded there is no merit to the appeal. The *Anders* Court held that California's procedure did not furnish the indigent client with counsel acting in the role of an advocate and, accordingly, did not meet the constitutional requirement of substantial equality and due process. After striking down California's "no–merit" letter procedure, the Court promulgated an acceptable procedure for a lawyer to follow when faced with this difficulty. The Court declared:

> Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and *request permission to withdraw.* That request must, however, be accompanied by a brief referring to anything in the record that might *arguably support the appeal.* A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is *wholly frivolous.*

(Footnote omitted. Italics ours.) *Anders,* 386 U.S. at 744.

In the case at bench, it would appear that defendant's appellate counsel does not consider his client's appeal "wholly frivolous" since he presented able, vigorous and extensive argument on the issue raised by his assignment of

error. Nor has counsel requested permission to withdraw. He suggests only that, because the assignment of error requests review of an issue solely within the trial court's discretion, his client's appeal "should also be afforded independent review" by this court.

█ We decline to extend the *Anders* and *Theobald* holdings beyond the parameters set forth therein. To hold otherwise would invite all counsel representing indigent defendants in an appeal on a criminal matter to present what they believe are nonfrivolous issues in the normal manner and then thrust upon the appellate court the duty to decide whether the appeal is wholly frivolous. We decline to extend that invitation.

Judgment affirmed.

PETRICH and ALEXANDER, JJ., concur.

Review denied by Supreme Court October 28, 1986.