# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,        )
                                )    No. 68193-1-I
             Respondent,       )
                                  )
          v.                   )    DIVISION ONE
                                  )
B.M., DOB 4/25/95,           )    UNPUBLISHED OPINION
                                  )
                                  )
           Appellant.         )    FILED:    MAY 2 0 2013

2013 MAY 20 AM 9: 14

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

**PER CURIAM.** B.M. appeals from the disposition entered after the juvenile court found him guilty of third degree theft. B.M.'s court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. B.M.'s counsel on appeal filed a brief with the motion to withdraw. B.M. was served with a copy of the brief and informed of the

right to file a statement of additional grounds for review. B.M. did not file a statement of additional grounds for review.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether the information charging B.M. with third degree theft was constitutionally sufficient?

2. Whether the juvenile court erred in concluding that B.M. voluntarily waived his Miranda rights?

3. Whether the juvenile court abused its discretion when admitting evidence?

4. Whether sufficient evidence supported the juvenile court's determination of guilt?

5. Whether the juvenile court erred in entering the standard-range disposition?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_____
_____
_____

2