FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR 10 AM 11: 23



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON, )
                                  )
              Respondent, )
                                  )
     v.                                )
                                  )
PATRICK MCMILLON, )
                                  )
              Appellant. )

No. 69333-6-I

UNPUBLISHED OPINION

FILED: March 10, 2014

PER CURIAM. Patrick McMillon appeals from his convictions for second degree assault, felony harassment, tampering with a witness, fourth degree assault, and five counts of misdemeanor violation of a court order. McMillon's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. McMillon's counsel on appeal filed a brief with the motion to withdraw. McMillon was served with a copy of the brief and

informed of the right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

1.      Whether McMillon's guilty plea was knowing, intelligent, and voluntary?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT: