# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70533-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH CASSELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 7, 2014 |

PER CURIAM. Kenneth Cassell appeals his conviction for unlawful carrying of a concealed weapon. Cassell's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Cassell's counsel on appeal filed a brief with the motion to withdraw. Cassell was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether Cassell's conviction is supported by sufficient evidence?

2. Whether the court abused its discretion in denying a mistrial?

3. Whether the omission of allocution can be raised for the first time on appeal?

4. Whether Cassell can challenge the imposition of mandatory financial obligations?

The potential substantive issues are wholly frivolous. Accordingly, counsel's motion to withdraw is granted and the appeal is dismissed. However, the parties agree, and we concur, that there is a scrivener's error on the judgment and sentence. The first page of the judgment and sentence erroneously states that Cassell waived various rights, including his right to a jury, but then correctly states that he was found guilty by a jury. In light of the scrivener's error, we direct the trial court to correct the judgment and sentence within 60 days of the date of this decision.

FOR THE COURT:

_Becker, J._

_Cox, J._

_Spearman, J._

2