# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,      )

          Respondent,   )

      v.         )

ALBERT PERREARD      )

          Appellant.    )

No. 71163-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 9, 2015

PER CURIAM. Albert Perreard appeals from the judgment and sentence entered following his conviction for second degree assault by strangulation. Perreard's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Perreard's counsel on appeal filed a brief with the motion to withdraw. Perreard was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. He did not file a statement of additional grounds for review.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether the information charging Perreard with assault in the second degree by strangulation was constitutionally sufficient?

2. Whether sufficient evidence supported Perreard's conviction for assault in the second degree by strangulation?

3. Whether the trial court erred in admitting evidence of Perreard's prior conduct as res gestae under ER 404(b)?

4. Whether the trial court erred in determining that Perreard knowingly and voluntarily waived his Miranda rights?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

_Trickey, J_

_Dwyer, J_

_Schindler, J_