# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76743-7-I |
| Respondent, | ) | |
|  | ) | DIVISION ONE |
| v. | ) | |
|  | ) | UNPUBLISHED OPINION |
| MIKHEAL D. BOSWELL, | ) | |
| Appellant. | ) | FILED: July 31, 2017 |
|  | ) | |

APPELWICK, J. — Mikheal Boswell challenges his jury conviction for rape in the second degree. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> "[1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

Theobald, 78 Wn.2d at 185 (alterations in original) (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Boswell's counsel on appeal filed a brief with the motion to withdraw. Boswell was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Boswell did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Is Boswell's second degree rape conviction supported by sufficient evidence?

2. Did the trial court err in excluding reference to preliminary breath test readings?

3. Did the trial court err in permitting opinion evidence from the State's expert witness?

4. Did the trial court err in refusing to give a jury instruction on the weight and credibility of Boswell's out-of-court statements?

5. Did the trial court err in instructing the jury that Boswell had to prove by a preponderance of the evidence that he reasonably believed that L.E. was not mentally incapacitated or physically helpless?

These potential issues are wholly frivolous. Nor can we find any other arguable issues of merit in this case.

Counsel's motion to withdraw is granted and the appeal is dismissed.

WE CONCUR:

_Appelwick, J._

_Spearman, J._

_Becker, J._

2