[No. 41158.    Department Two.    June 4, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. DEVON THEOBALD, *Appellant*.*

*Kenneth R. Ahlf* and *Argal D. Oberquell*, for appellant (appointed counsel for appeal).

*Bean & Gentry*, by *Fred D. Gentry*, for respondent.

NEILL, J.—Defendant appeals from his conviction of second-degree burglary. His court appointed attorney has filed a motion to withdraw as counsel and the state has moved to dismiss the appeal as frivolous.

■    The prerequisites to withdrawal of counsel and dismissal of an appeal for lack of potential merit are stated in *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967):

*Reported in 470 P.2d 188.

[Defense counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Defense counsel's motion to withdraw is accompanied by a brief which satisfies the first *Anders* requirement. The record also shows that a copy of that brief was furnished to defendant on December 22, 1969. Thus, the second *Anders* requirement is satisfied.

■ The third requirement, sufficient time for the defendant to raise any points that he chooses, has presented some difficulty. The record reflects the following sequence of events: (1) copy of counsel's brief mailed to defendant, December 22, 1969; (2) motion to withdraw set for hearing before this court, December 29, 1969; (3) letter from defendant to this court requesting a copy of the record and 90-day extension of time, January 6, 1970; (4) extension of time denied "since the case is set for hearing on February 24, 1970," January 7, 1970; (5) copy of statement of facts mailed to defendant, January 9, 1970; (6) case argued in this court, February 24, 1970.

It thus appears that the time in which defendant could effectively consider points which he considered to be error did not commence until after January 9th. From that date until the time of oral argument, defendant had, at most, 45 days in which to analyze the record, study the law, discern his assignments of error, prepare his arguments, write his brief and deliver it to this court. His time was further restricted by the fact that, during all of this period, he was incarcerated in the state penitentiary at Walla Walla. We take judicial notice that the time and resources available to

prisoners for pro se legal work is, and of practical necessity must be, limited.[1]

It was our view that the state of the record on February 24th did not satisfy the third Anders requirement. Accordingly, an order was entered granting defendant additional time until April 30th in which to file a supplemental brief. This grant has provided defendant with sufficient time in which to raise any further arguments, and has satisfied the third Anders requirement. Defendant has not filed a brief.

In accordance with the fourth requirement under *Anders,* we have made an independent examination of the record to determine whether the case is wholly frivolous. Our first reference has been to the potential errors enumerated by defense counsel. Three issues suggested by counsel in his "Anders" brief are: (1) possible error in denying motions for a mistrial and for a new trial on the grounds of misconduct of a juror; (2) possible error in giving an instruction on flight; (3) error in admission of evidence assertedly the product of an illegal search.

The first suggested issue arises from the fact that, during a trip to the scene of the crime, a juror asked a question of a witness in violation of the court's instructions. The question and the answer were unrelated to any important issue in the case and produced no evidence different from actual in-court testimony. The misconduct was not prejudicial and it was not error to deny the motions premised upon it. *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947); *State v. Lemieux,* 75 Wn.2d 89, 448 P.2d 943 (1968).

As to the second possible issue, we find ample evidence

---

[1]The state penitentiary at Walla Walla has what is called a "writ room" in which all of the prison's legal materials and all of the prisoners' legal papers and work product are kept exclusively. The room is ordinarily open only in the evenings for a period of 3 to 4 hours. Only 10 prisoners may be in the room at one time, and 83 prisoners were signed up to use the room as of February 26, 1970. The result is that a prisoner has access to legal materials and his own papers once every 8 or 9 days, for a period of 3 to 4 hours. If the prisoner faces a time deadline, prison officials relax the rules and attempt to give him more time—but the amount of such additional time is varying and uncertain.

justifying an instruction on flight. The defendant was seen by the complaining witness near the scene of the crime. When called, defendant ran. The witness chased defendant, had a clear view of him from a short distance and definitely identified the defendant in court as the man whom he had pursued. The instruction on flight was appropriate. *See, State v. Wilson,* 26 Wn.2d 468, 174 P.2d 553 (1946); *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969).

The third suggested issue pertains to the admission of a thermos bottle into evidence. A police officer called to the scene of the crime observed an automobile illegally parked nearby. Upon ascertaining that no one in the neighborhood was the owner, and seeing no visible registration certificate, the officer entered the car and obtained the registration (which was in defendant's name) from the glove compartment. While there, he saw the thermos bottle on the front seat. There was no seizure of the thermos bottle at this time. The officer's testimony as to that which was plainly visible was the product of a legal entry and was properly admitted. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968). The seizure of the bottle took place when defendant was arrested. The bottle was in defendant's possession at that time and was obtained without a search. There is no basis for a contention of illegal seizure.

Our independent analysis of the record has revealed no other potentially reversible error. Accordingly, defense counsel's motion to withdraw is granted and the appeal is dismissed.

HUNTER, C. J., ROSELLINI and HALE, JJ., concur.