# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 68252-1-I
Respondent, ) (consol. with No. 69150-3-I)
)
v. ) DIVISION ONE
)
REGINALD DEAN BECKER-LOEPNITZ, ) UNPUBLISHED OPINION
)
Appellant. ) FILED: MAY 2 8 2013

PER CURIAM. Reginald Becker-Loepnitz appeals the convictions entered

following his guilty pleas to two counts of residential burglary. His court-appointed

attorney has filed a motion to withdraw on the ground that there is no basis for a good

faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188

(1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),

the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might
> arguably support the appeal. (2) A copy of counsel's brief should be
> furnished the indigent and (3) time allowed him to raise any points that he
> chooses; (4) the court-not counsel-then proceeds, after a full examination
> of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Becker-Loepnitz's counsel on appeal filed a

brief with the motion to withdraw. Becker-Loepnitz was served with a copy of the brief

and informed of his right to file a statement of additional grounds for review. Becker-

Loepnitz did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

> Did the trial court abuse its discretion in refusing Becker-Loepnitz's January 26, 2011, request to change his plea to guilty?

The court also raised and considered the following potential issues:

1. Did the trial court abuse its discretion in refusing Becker-Loepnitz's April 20, 2011, requests to change his plea to guilty and to proceed pro se?

2. Do Becker-Loepnitz's guilty pleas meet constitutional and court rule requirements for a valid guilty plea?

3. Did the information adequately inform Becker-Loepnitz of the elements of the charged offenses and the aggravating factor?

The issues raised by counsel and the court are wholly frivolous. Becker-Loepnitz's motion for a second extension of time to file a pro se statement of additional grounds for relief is denied. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_____

_____ Jay, J.

_____ Spearman, A.C.J.

2