# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68728-0-I |
| Respondent, | ) ) ) | |
| v. | ) ) | DIVISION ONE |
| PHILLIP GREGORY ESPINOZA, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: December 23, 2013 |

PER CURIAM. Phillip Espinoza challenges his conviction for domestic violence felony violation of a court order. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Espinoza's counsel on appeal filed a brief with the motion to withdraw. Espinoza was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Espinoza filed a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has

independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

Did sufficient evidence support Espinoza's conviction?

The court also considered the following issues raised by Espinoza in his statement of additional grounds on review:

1. Was trial counsel ineffective?

2. Was appellate counsel ineffective?

Upon independent review, the court discovered an error in section 4.2 of the judgment and sentence, which imposes a term of community custody of 18 months. Clerk's Papers (CP) at 7. Domestic violence felony violation of a court order is a crime against persons, for which the term of community custody is 12 months. RCW 9.94A.701(3)(a).

Since in all other respects, the potential issues in this case are frivolous, counsel's motion to withdraw is granted and the appeal is dismissed.[1] However, the matter is remanded to the sentencing court to amend the community custody term.

For the court:

Cox, J.

---

[1] A commissioner of this court ruled that this panel should consider Espinoza's motion to withdraw the Anders brief and appoint new appellate counsel. Espinoza has not shown new counsel is warranted, and we deny Espinoza's motion.