# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

      v.

D.D.Y.,
DOB: 03/28/1995,

                Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 69793-5-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: December 30, 2013

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2013 DEC 30 AM 9: 45
FILED

PER CURIAM. D.D.Y appeals a juvenile court disposition finding him guilty of first degree child molestation, attempted first degree child molestation, and indecent exposure. D.D.Y.'s court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. D.D.Y.'s counsel filed a brief with the motion to withdraw. D.D.Y. was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently

reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the court abuse its discretion in allowing the State to amend the information to add two additional counts—attempted first degree child molestation and indecent exposure—on the day of trial?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Becker, J.

Appelwick, J.

Spearman, A.C.J.