2014 JUL -7 AM II: 33



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 68353-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JAMES PIERPOINT BULAH, III, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: JUL 7 2014 |

PER CURIAM. James Bulah appeals a first degree burglary, felony violation of a court order, and second degree assault, all with a domestic violence designation in King County Superior Court No. 11-1-06508-8 SEA. The State later amended the information to residential burglary and six counts of felony violation of a court order, five of which were based on contacts occurring while Bulah was in jail on June 12, 2011.

Bulah's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Bulah's counsel on appeal filed a brief with the motion to withdraw. Bulah was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did Bulah receive ineffective assistance of counsel at trial?

2. Is violation of a no contact order properly considered a predicate offense for residential burglary?

3. Did the trial court violate Bulah's right to confrontation by admitting a certified copy of the victim's driver's license into evidence?

Appellant did not file a pro se brief. The potential issues are wholly frivolous.

Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_Appelwick_

_Cox, J._

_Dwyer, J._