# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                      ) No. 70534-2-I
         Respondent, )
                      ) DIVISION ONE
      v. )
                      ) UNPUBLISHED OPINION
WENDELL DOWNS, JR., )
                      )
         Appellant. ) FILED: September 2, 2014

PER CURIAM. Wendell Downs, Jr., appeals from the order of restitution entered

after he pleaded guilty to filing a fraudulent insurance claim. Down's court-appointed

attorney has filed a motion to withdraw on the ground that there is no basis for a

good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470

P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct.

1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that
> might arguably support the appeal. [2] A copy of counsel's brief should
> be furnished the indigent and [3] time allowed him to raise any points
> that he chooses; [4] the court--not counsel--then proceeds, after a full
> examination of all the proceedings, to decide whether the case is wholly
> frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed insofar as possible. Down's counsel on

appeal filed a brief with the motion to withdraw. However, as explained in counsel's

declaration filed in this court, counsel has been unable to locate Downs after being

appointed to represent him. Therefore, Downs has not been served with a copy of

the brief or informed of the right to file a statement of additional grounds for review. Accordingly, he did not file a statement of additional grounds.

Nevertheless, the facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether substantial evidence supports the order of restitution?

2. Whether Downs was responsible for the full amount of restitution?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Appelwick

Becker, J.

Trickey, J