# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 70436-2-I |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| ANDREW BRANCH, JR., | ) |
| | ) |
| Appellant. | ) FILED: September 2, 2014 |
| | ) |

PER CURIAM. Andrew Branch Jr. appeals from the judgment and sentence entered following his guilty plea to two counts of second degree identity theft. Branch's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Branch's counsel on appeal filed a brief with the motion to withdraw. Branch was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently

reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

> 1. Does Branch's guilty plea meet constitutional and court rule requirements for a valid guilty plea?
> 2. Was defense counsel ineffective for failing to argue that some of Branch's prior convictions constituted the same criminal conduct?
> 3. Did the trial court err in failing to rule on Branch's motion for a new trial and arrest of judgment?
> 4. Is the record insufficient for this court to perform an independent review under <u>Anders v. California</u>?

The court also raised and considered the following potential issue:

> 1. Was Branch's plea involuntary due to the alleged ineffective assistance of defense counsel in failing to bring a motion to suppress?

The potential issues raised by counsel are wholly frivolous, and the potential issue raised by the court involves matters outside the record. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Becker, J.

Appelwick, J.

Trickey, J