IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,                )
                                    )    No. 72156-9-I
            Respondent,             )
                                    )    DIVISION ONE
      v.                            )
                                    )    UNPUBLISHED OPINION
BEE THOW SAYKAO,                    )
                                    )
            Appellant.              )    FILED:  December 28, 2015

PER CURIAM.  Bee Saykao appeals from the judgment and sentence entered after he pleaded guilty to second degree assault.  Saykao's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review.  Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal.  [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed.  Saykao's counsel on appeal filed a brief with the motion to withdraw.  Saykao was served with a copy of the brief and informed of the right to file a statement of additional grounds for review.  He filed a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw.  The court has reviewed the briefs filed in this court and has independently

reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the sentencing court err by refusing to reduce Saykao's community custody term by the amount of time he served in total confinement in excess of his amended sentence?

2. Did the sentencing court err by refusing to prohibit the Department of Corrections from requiring random drug testing during community custody?

Saykao also raised, and the court considered, the following potential issue:

Did the sentencing court err by failing to order Saykao's immediate release from custody?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_Trickey, J_

_Becker, J._

_Jau, J._