# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                             ) No. 72563-7-I
            Respondent, )
                             ) DIVISION ONE
        v. )
                             ) UNPUBLISHED OPINION
MICHAEL J. EVANS, )
                             )
            Appellant. ) FILED: February 16, 2016
                             )

PER CURIAM. Michael J. Evans appeals from the judgment and sentence entered following his convictions for theft of a motor vehicle and first degree trafficking in stolen property. Evans's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Evans's counsel on appeal filed a brief with the motion to withdraw. Evans was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the resentencing court err in failing to consider Evans's same criminal conduct and wash-out claims?

2. Can this court review Evans' same criminal conduct and wash-out claims under RAP 2.5(c)(1)?

3. Did the resentencing court err in denying Evans's request for new counsel on remand?

The court also raised and considered the following potential issue:

1. Was Evans's counsel ineffective for failing to argue at resentencing that Evans's same criminal conduct and wash-out claims were properly raised on remand under RCW 9.94A.530(2)?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_Appelwick_

_Spearman, C.J._

_Trickey, J._

2