# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                          Respondent, ) No. 73731-7-I
                                     )
              v. ) DIVISION ONE
                                       )
ALI HORRI ) UNPUBLISHED OPINION
                                       )
                          Appellant. ) FILED: July 11, 2016

PER CURIAM – Ali Horri appeals from the restitution order entered after he pleaded guilty to one count of vehicular assault. Horri's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Horri's counsel on appeal filed a brief with the motion to withdraw. Horri was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

1. Whether the trial court erred in awarding restitution for injuries exceeding the severity required for the elements of vehicular assault?

2. Whether trial court erred in finding "good cause" to enter the restitution order more than 180 days after sentencing?

3. Whether substantial evidence supported the amount of restitution?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Becker, J.