# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,      )
                              )    No. 74605-7-I
           Respondent,      )
                              )
           v.                   )    DIVISION ONE
                              )
EDWARD CLOUD,          )    UNPUBLISHED OPINION
                              )
                              )
           Appellant.       )    FILED: December 19, 2016

PER CURIAM – Edward Cloud appeals from the judgment and sentence entered after a jury found him guilty of one count of residential burglary, with the aggravating factor that the victim was present in the residence at the time of the crime. Cloud's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Cloud's counsel on appeal filed a brief with the motion to withdraw. Cloud was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. Cloud did not file a statement of additional grounds for review.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

1. Whether the trial court erred in denying Cloud's motion to suppress a witness's in-court identification?

2. Whether the trial court violated ER 404(b) when it admitted evidence that the burglary victims had previously fired Cloud from his job?

The potential issues raised by counsel are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Becker, J.

Dwyer, J.

Leach, J.