# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                        ) No. 75048-8-I
         Respondent, )
                        )
    v. )  DIVISION ONE
                        )
JERRY DEAN SMITH, )  UNPUBLISHED OPINION
                        )
                        )
        Appellant. )  FILED: May 15, 2017

PER CURIAM – Jerry Dean Smith appeals from the judgment and sentence entered after a jury found him guilty of three counts of possession of a controlled substance and one count of unlawful possession of a firearm in the first degree. Smith's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Smith's counsel on appeal filed a brief with the motion to withdraw. Smith was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. Smith did not file a statement of additional grounds for review.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether the search warrant failed to satisfy the particularity requirement of the Fourth Amendment?

2. Whether the trial court abused its discretion in failing to conduct an in-camera examination of the confidential informant?

3. Whether the trial court erred in admitting into evidence the holster found in Smith's bedroom?

4. Whether the trial court erred in admitting the controlled substance evidence?

5. Whether appellate costs should be awarded if Smith files a statement of additional grounds for review and fails to prevail?

The potential issues raised by counsel are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Trickey, ACJ

Appelwick J

Leach J