# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                  Respondent, )
v. )
RUBEN DAVID CASTILLO, )
                  Appellant. )

No. 75653-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 28, 2017

PER CURIAM. Ruben Castillo appeals from the judgment and sentence entered following his guilty plea to one count of possession of a controlled substance. Castillo's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Castillo's counsel on appeal filed a brief with the motion to withdraw. Castillo was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the trial court err in denying Castillo's motion to suppress due to an unlawful seizure?

2. Did a witness impermissibly comment on Castillo's prearrest silence and if so, was the comment manifest constitutional error and/or harmless beyond a reasonable doubt?

The court also raised and considered the following potential issue:

Was defense counsel ineffective for failing to object to the officer's testimony about his demeanor/silence?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Trickey, J

Cox, J.