# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76255-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARL IRA BOWMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 28, 2017 |

PER CURIAM. Earl Bowman challenges the judgment and sentence imposed following his guilty plea to third degree assault. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Bowman's counsel on appeal filed a brief with the motion to withdraw. Bowman was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Bowman filed a supplemental brief which, though late, was considered by this court.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

Was Bowman's offender score incorrectly calculated?

Was Bowman denied his right to effective assistance of counsel?

Was Bowman denied his right to speedy sentencing?

The court also raised and considered the following potential issues:

Did the trial court err in imposing a no-contact order?

The potential issues are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

Cox, J.

Trickey, J

Dwyer

2