# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 NOV 20 AM 9: 41

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

STATE OF WASHINGTON,   )
                       )   No. 75862-4-I
          Respondent,  )
                       )
     v.                )   DIVISION ONE
                       )
D.V.-D., Jr.,          )   UNPUBLISHED OPINION
B.D. 11/16/00,         )
                       )
          Appellant.   )   FILED: November 20, 2017

PER CURIAM – D.V.-D., Jr., appeals a juvenile court conviction for First Degree Attempted Rape of a Child. D.V.-D.'s court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. D.V.-D's counsel on appeal filed a brief with the motion to withdraw. D.V.-D. was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. D.V.-D. did not file a statement of additional grounds for review.

No. 75862-4-I/2

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the trial court abuse its discretion in allowing the State to amend the information on the day of trial?

2. Did the admission of D.V.-D's statements to officer McKay violate his right against self-incrimination?

3. Did the trial court abuse its discretion in admitting the victim's child hearsay statements?

4. Did the trial court abuse its discretion by allowing the State, in anticipation of an attack on a witness, to bolster that witness's credibility on direct examination?

5. Did prosecutorial misconduct deny D.V.-D. a fair trial?

The potential issues raised by counsel are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Becker, J.

Mann, J.

Trickey, ACJ

2