# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON, )  No. 75362-2-I
                                 )

           Respondent, )

                                 )

     v. )

                                   )

ABDULLAH HASSAN EKRIEM, )  UNPUBLISHED OPINION
                                   )

           Appellant. )  FILED: February 20, 2018
_____ )

PER CURIAM. Abdullah Ekriem challenges his conviction for delivery of heroin. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Ekriem's counsel on appeal filed a brief with the motion to withdraw. Ekriem was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Ekriem did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has

independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

Was defense counsel ineffective for failing to object to the prosecutor's characterization of witness testimony in closing argument?

Was defense counsel ineffective for failing to object to the trial court's failure to enter written findings of fact and conclusions of law?

This court also raised and considered the following potential issues:

Did the trial court err failing to appoint an interpreter?

The potential issues are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

Trickey, ACJ