# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 77733-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| DONNA RAE LOGE, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| Appellant. | ) | FILED: August 13, 2018 |

PER CURIAM – Donna Loge appeals from the judgment and sentence entered after her conviction for one count of assault in the third degree. Loge's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Loge's counsel on appeal filed a brief with the motion to withdraw. Loge was served with a copy of the brief and informed of the right to file a statement of additional grounds for review. Loge did not file a statement of additional grounds for review.

No. 77733-5-I/2

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

1. Whether the information charging Loge with assault in the third degree was constitutionally sufficient?

2. Whether the trial court erred in accepting Loge's jury trial waiver as knowing, intelligent, and voluntary?

3. Whether sufficient evidence supported Loge's conviction for assault in the third degree?

4. Whether Loge was denied her right to effective assistance of counsel?

5. Whether the trial court entered sufficient findings of fact and conclusions of law?

6. Whether the trial court erred in imposing mandatory legal financial obligations?

7. Whether the trial court erred in imposing 12 months of community custody at sentencing?

The potential issues raised by counsel are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

Spearman, J.

Trickey, J.

Leach, J.

2