# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,      )     No. 75416-5-I

           Respondent,     )

v.     )

STEPHEN P. DOWDNEY, JR.,     )     UNPUBLISHED OPINION

           Appellant.     )     FILED: OCT 15 2018

PER CURIAM. Stephen Dowdney challenges his conviction for first degree robbery while armed with a deadly weapon. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Dowdney's counsel on appeal filed a brief with the motion to withdraw. Dowdney was served with a copy of the brief and informed of his right to file a statement of additional grounds (SAG) for review. Dowdney has filed a statement of additional grounds.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did Dowdney unequivocally, voluntarily, knowingly, and intelligently waive is right to counsel and elect to proceed pro se?
2. Did Dowdney voluntarily, knowingly, and intelligently waive his right to a jury trial?
3. Did the superior court err in denying Dowdney's motion to dismiss for violation of his right to a speedy trial?

This court also considered the following issues raised in Dowdney's SAG:

1. Did the trial court err in denying Dowdney's motions to dismiss for violation of his right to a speedy trial under CrR 3.3?
2. Did the State misuse the District Court filing process, and if so, did such misuse "amount to unnecessary delay inconsistent with good faith and due diligence, violating Wa. Const. Art. 1 Sec. 10, CrR 1.2 [and] CrR 8.3(b)"?
3. "Does CrR 4.1 violate equal protection and offend due process?"

The potential issues are wholly frivolous. Dowdney's motions for a writ of review, to proceed pro se, and to modify the record are denied. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

Becker, J.

Dwyer, J.

Appelwick, CJ