# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 76867-1-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| RONALD LEE BURKES, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| Appellant. | ) | FILED: March 18, 2019 |
| | ) | |

PER CURIAM. Ronald Lee Burkes appeals the judgment and sentence entered on May 17, 2017 following a conviction of robbery in the first degree, with a special allegation that he was armed with a firearm at the time of the crime. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. Burkes's counsel on appeal filed a brief with the motion to withdraw, and Burkes filed a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether the traffic stop of Burkes's car by police officers was pretextual, in violation of article 1, section 7 of the Washington State Constitution?

2. Whether the trial court erred in twice denying defense motions to dismiss under CrR 8.3(b) based on two incidents of alleged mismanagement by the State?

3. Whether the trial court committed prejudicial error in admitting call detail records as evidence of the location of Burkes's cell phone around the time of the robbery?

4. Whether the trial court committed prejudicial error in admitting cell phone records on the ground they were insufficiently authenticated?

5. Whether reversal is required because the to-convict instruction was broader than the conduct identified in the charging language?

6. Whether the prosecutor committed misconduct during closing argument by suggesting that no evidence supported Burkes's theory of the case?

7. Whether the trial court erred in denying Burkes's request for an exceptional sentence below the standard range?

The court also considered the following issues raised by Burkes in his statement of additional grounds for review:

1. Whether there was sufficient evidence to charge and convict Burkes?

2.  Whether Burkes received ineffective assistance of counsel on the ground that defense counsel failed to notify the trial court that Burkes was legally permitted to carry a firearm?

These issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

*Mann, ACJ*

*Schindler, J*

*Dwyer, J.*