# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON<br><br>                    Respondent,<br><br>v.<br><br>BRIAN SWEIVEN,<br><br>                    Appellant. | No. 78225-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: <u>April 15, 2019</u> |

PER CURIAM — Brian Sweiven challenges the judgment and sentence imposed following his guilty plea to one count of failure to register as a sex offender. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review pursuant to RAP 15.2(i). Pursuant to <u>State v. Theobald</u>, 78 Wn.2d 184, 470 P.2d 188 (1970), and <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1987), the motion to withdraw must:

> "[1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

<u>Theobald</u>, 78 Wn.2d at 185 (alterations in original) (quoting <u>Anders</u>, 386 U.S. at 744).

This procedure has been followed. Sweiven's counsel on appeal filed a brief with the motion to withdraw. Sweiven was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Sweiven did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

> Did the trial court err in denying Sweiven's request for an exceptional sentence below the standard range?

The court also raised and considered the following potential issues:

1. Does Sweiven's guilty plea meet constitutional and court rule requirements for a valid guilty plea?

2. Did Sweiven receive ineffective assistance of counsel regarding the decision whether to plead guilty?

3. Is Sweiven entitled to withdraw his guilty plea due to the belated amendment of the information charging failure to register as a sex offender?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2019 APR 15 AM 11: 41

-2-