# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,     )
                                   )
                Respondent,    )     No. 78088-3-I
                                     )
           v.                    )     DIVISION ONE
                                     )
JASON MCCALL,                )     UNPUBLISHED OPINION
                                     )
                                     )
                Appellant.     )     FILED: April 22, 2019
_____ )

PER CURIAM. Jason McCall appeals from the judgment and sentence entered on February 20, 2018 following his conviction on one count of child molestation in the second degree and one count of assault in the fourth degree with sexual motivation. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. McCall's counsel on appeal filed a brief with the motion to withdraw. McCall was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. McCall did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issue raised by counsel:

Did the trial court err in resentencing McCall to a high-end standard range sentence?

The court also raised and considered the following potential issue:

Is McCall entitled to raise new issues in his second appeal that could have been raised in his first appeal?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT: