IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36639-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DELBERT LEON NICHOLS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Delbert Nichols appeals his convictions for felony harassment and violation of an anti-harassment order. His court-appointed appellate counsel has filed a motion to withdraw on grounds there is no good faith argument for review.

Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), a motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Theobald*, 78 Wn.2d at 185 (alterations in original) (quoting *Anders*, 386 U.S. at 744).

Mr. Nichols's attorney has complied with this procedure. Mr. Nichols has not filed a statement of additional grounds for review. After independently reviewing the issues identified in counsel's *Anders* brief and the State's responsive briefing, we agree that none of the recited issues merits relief on appeal.[1]

Because the issues identified by counsel are wholly frivolous, the motion to withdraw is granted, subject to compliance with RAP 18.3(a)(4). The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

---

[1] Counsel has identified the issues of (1) evidentiary sufficiency, (2) double jeopardy, (3) hardship excusal of jurors, (4) ineffective assistance of counsel, and (5) offender score calculation as the issues most likely to have merit.