# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51686-1-II |
| Respondent, | |
| v. | |
| JUAN CARLOS EDUARDO RAMOS LOPEZ, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Juan Carlos Eduardo Ramos Lopez appeals from his guilty plea conviction of assault in the third degree with sexual motivation. His appellate attorney filed a motion to withdraw pursuant to *Anders v. California.*[1] We deny Ramos Lopez's attorney's motion to withdraw because the appeal is not wholly frivolous. We affirm Ramos Lopez's convictions and remand to the sentencing court to strike certain legal financial obligations (LFOs).

## FACTS

The State originally charged Ramos Lopez with two counts of child molestation in the first degree for incidents involving an 11-year-old. Ramos Lopez agreed to plead guilty to assault in the third degree with sexual motivation. All parties agreed to recommend a 15-month sentence.

Ramos Lopez signed a statement on plea of guilty, acknowledging that he understood the rights he was giving up and that he was making his plea "freely and voluntarily." Clerk's Papers (CP) at 17. Furthermore, an interpreter read Ramos Lopez "the entire statement" and declared

---

[1] 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

"that the defendant understood it in full." CP at 18. Attached to Ramos Lopez's statement was the pretrial agreement, which included the direct consequences of pleading guilty. Ramos Lopez also signed this document. The court found Ramos Lopez's plea was "knowingly, intelligently and voluntarily made" and accepted the plea. Report of Proceedings (RP) at 7-8.

Based on an offender score of 0, the sentencing court imposed a 15-month standard range sentence. As part of Ramos Lopez's sentence, the court ordered that he pay as LFOs a $100 deoxyribonucleic acid (DNA) database fee and a $200 criminal filing fee. The trial court found Ramos Lopez indigent.

Ramos Lopez appealed. His appellate lawyer filed a motion to withdraw pursuant to *Anders*. While this appeal was pending, the Supreme Court decided, *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), holding that the recently legislature-enacted laws categorically prohibiting the imposition of discretionary costs on indigent defendants applied to cases pending when the laws went into effect on June 7, 2018. *See* RCW 10.01.160

ANALYSIS

I.    *ANDERS* BRIEF

Ramos Lopez's appointed appellate lawyer submitted a motion to withdraw pursuant to *Anders*. The requirements for withdrawal of counsel under *Anders* is that counsel must "'support his client's appeal to the best of his ability,'" but if counsel finds the case "'to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.'" *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (quoting *Anders*, 386 U.S. at 744). This court "'then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Theobald*, 78 Wn.2d at 185 (quoting *Anders*, 386 U.S. at 744).

2

Appellate counsel raises one possible issue for review, suggesting that the trial court might have erred when it accepted Ramos Lopez's guilty plea. We conclude the court did not err in this regard.

Due process requires that a defendant enter a guilty plea knowingly, voluntarily, and intelligently. *State v. Robinson*, 172 Wn.2d 783, 790, 263 P.3d 1233 (2011). CrR 4.2(d) provides that a court shall "not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea."

Here, Ramos Lopez pleaded guilty as part of a plea agreement where he received a reduction from two counts of child molestation in the first degree to one count of assault in the third degree with sexual motivation. Ramos Lopez acknowledged his plea was freely and voluntarily made and an interpreter declared that Ramos Lopez understood the plea agreement in full. Also attached to Ramos Lopez's statement was the pretrial settlement agreement, which included the direct consequences of pleading guilty. Ramos Lopez also signed this document. The trial court reviewed all these documents and found that the plea was "knowingly, intelligently and voluntarily made." RP at 7-8.

Ramos Lopez's plea was knowingly, intelligently, and voluntarily made. The trial court did not err when it accepted Ramon Lopez's guilty plea.

II.     LFOs

A review of the record shows that as part of Ramos Lopez's sentence, the court ordered him to pay as LFOs a $100 DNA database fee and a $200 criminal filing fee.

Recent legislation prohibits the sentencing court from imposing LFOs, including criminal filing fees on indigent defendants. RCW 36.18.020(h); *Ramirez*, 191 Wn.2d at 746. A DNA

collection fee is mandatory "unless the state has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.7541.

Here, the sentencing court found Ramos Lopez to be indigent. The imposition of a criminal filing fee on indigent defendants is prohibited. The defendant must be found indigent as defined in RCW 10.101.010(3)(a)-(c). Regarding the DNA collection fee, the record is silent as to whether Ramos Lopez's DNA has previously been collected. We remand to the sentencing court to reconsider the imposition of LFOs in light of *Ramirez* and the 2018 legislative changes.

CONCLUSION

We deny Ramos Lopez's attorney's motion to withdraw. We affirm Ramos Lopez's conviction but remand to the sentencing court to reconsider the imposition of LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.

4