**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON<br><br>                  Respondent,<br><br>v.<br><br>DYLAN SCOTT MULLINS,<br><br>                  Appellant. | No. 79579-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Dylan Mullins challenges the judgment and sentence imposed following his guilty plea to first degree murder with a firearm, first degree burglary with a firearm, and first degree arson. His court-appointed appellate counsel has filed a motion to withdraw asserting that there are no arguable issues to appeal. Such requests for permission to withdraw must (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal, (2) be provided to the indigent defendant, (3) allow time for the defendant to raise any points desired, and (4) "'the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.'" State v. Theobald, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (quoting Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)).

This procedure has been followed. Mullins's counsel has filed a brief with the motion to withdraw. Mullins was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the potential issues raised by counsel, including: (1) whether Mullins's guilty plea was knowing, intelligent, and voluntary; (2) whether Mullins's motion to withdraw his plea should have been granted; (3) whether Mullins was denied effective assistance of counsel regarding the decision to plead guilty; (4) whether the trial court erred by not imposing an exceptional sentence below the standard range; and (5) whether the trial court meaningfully considered the requisite mitigating factors in declining to impose an exceptional sentence below the standard range.

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

_____

_____

_____

- 2 -