IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

     Respondent,

  v.

EMMANUEL MENSAH,

     Appellant.

No. 85503-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM. Emmanuel Mensah appeals a judgment and sentence imposed upon his guilty plea to two counts of assault in the third degree. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Theobald*, 78 Wn.2d at 185 (quoting *Anders*, 386 U.S. at 744) (alterations in original).

This procedure has been followed. Mensah's counsel on appeal filed a brief with the motion to withdraw. Mensah was served with a copy of the brief, and informed of his right to file a statement of additional grounds for review. Mensah filed a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel: (1) whether the trial court abused its discretion when it denied Mensah's CrR 4.2(f) motion to withdraw his guilty pleas; (2) whether Mensah's guilty pleas were involuntary because he received misadvice as to a direct sentencing consequence; and (3) whether Mensah's pleas were involuntary because he did not understand the elements of the offense to which he pleaded guilty. The court also specifically considered the following issues raised by Mensah: (1) whether counsel's ineffective assistance and Mensah's mental status provided a basis to withdraw his pleas, and (2) whether sufficient evidence supports the charges against Mensah. The issues raised by counsel and by Mensah are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT: