IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

Respondent,

v.

MICHAEL ALLEN MYERS,

Appellant.

No. 87342-3-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Michael Myers appeals the judgement and sentence entered on his jury conviction of rape of a child in the first degree and child molestation in the first degree. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Theobald*, 78 Wn.2d at 185 (quoting *Anders*, 386 U.S. at 744).

This procedure has been followed. Myers's counsel on appeal filed a brief with the motion to withdraw. Myers was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. Myers has not filed a statement of additional grounds.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Did the trial court err by admitting Myers's statements to police, which were involuntary and obtained in violation of *Miranda* due to his mental state?

2. Did the trial court err by admitting E.R.C.'s child hearsay statements?

3. Was E.R.C. competent to testify at trial?

4. Did Myers receive ineffective assistance of counsel when his trial attorney failed to challenge E.R.C.'s competency?

5. Did the trial court impermissibly comment on the evidence and violate Myers's due process rights by giving a "no corroboration" instruction to the jury?

6. Does the Persistent Offender Accountability Act (RCW 9.94A.5709) violate the Washington and United States Constitutions by requiring mandatory life without parole?

The potential issues are wholly frivolous, and our independent analysis of the record has revealed no other potentially reversible error. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

_____

Feldman, J.
_____

Díaz, J.
_____