STATE OF WASHINGTON DIV I
2017 AUG 28 AM 11: 18



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75350-9-I |
| Respondent, | ) | |
| v. | ) | DIVISION ONE |
| RICHARD GEORGE HUMPHRIES, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: August 28, 2017 |

PER CURIAM. Richard Humphries appeals from the judgment and sentence entered following his guilty plea to one count of felony violation of a no-contact order. Humphries' court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

State v. Theobald, 78 Wn.2d at 185 (quoting Anders v. California, 386 U.S. at 744).

This procedure has been followed. Humphries' counsel on appeal filed a brief with the motion to withdraw. Humphries was served with a copy of the brief and informed of his right to file a statement of additional grounds for review. He did not file a statement of additional grounds.

The facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Does Humphries' guilty plea meet constitutional and court rule requirements for a valid guilty plea?

2. Did the prosecutor breach the plea agreement at sentencing?

3. Did the information adequately inform Humphries of the elements of the charged offense?

4. Did Humphries receive effective assistance of counsel?

5. Did the trial court err in calculating Humphries' offender score?

The potential issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

For the court:

_Cox, J._

_Trickey, J_

_Verellen_