IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79828-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOEL CHRISTOPHER HOLMES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |

PER CURIAM — Joel Holmes appeals from the judgment and sentence entered on March 15, 2019 following his conviction on plea of guilty on one count of harassment. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald[1] and Anders v. California,[2] the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal[,] (2) [a] copy of counsel's brief should be furnished the indigent[,] (3) time allowed him to raise any points that he chooses[,] and (4) the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.[3]

This procedure has been followed. Holmes's counsel on appeal filed a brief with the motion to withdraw, and Holmes filed pro se supplemental briefing.

---

[1] 78 Wn.2d 184, 470 P.2d 188 (1970).

[2] 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1. Whether the information alleged all of the essential elements of the offense?

2. Whether Holmes's right to be free from being placed in double jeopardy was violated?

3. Whether Holmes's guilty plea was voluntary?

4. Whether the prosecutor breached the plea agreement at sentencing?

The court also considered the following issues raised by Holmes in his statement of additional grounds for review:

1. Whether this court's dismissal of Holmes's appeal violates due process, equal protection, RAP 18.3, and applicable case law?

2. Whether RCW 9.61.160(1) is unconstitutionally vague and overbroad?

3. Whether the State violated double jeopardy by charging Holmes twice for the same continuing course of conduct?

4. Whether the State violated the terms of a "nolle prosequi" agreement not to prosecute Holmes?

5. Whether RCW 9A.46.020(1) is unconstitutionally vague as applied to Holmes?

6. Whether Holmes's sentence amounts to an excessive term of confinement?

7. Whether Holmes was improperly ordered to pay a victim assessment penalty?

8. Whether there was an insufficient factual basis to support Holmes's guilty plea?

9. Whether this court should be involved with Holmes's appeal?

10. Whether Washington Appellate Project should have been involved with Holmes's appeal?

11. Did Governor Inslee's COVID-19 shelter in place order violate Holmes's right to appeal pro se?

These issues are wholly frivolous. Counsel's motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

_Appelwick, J._

_Leach, J._

_Verellen, J._