# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>JAMES ROBERT VINES,<br><br>Appellant. | No. 52047-8-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, A.C.J. — James Robert Vines appeals the trial court's decision declining to rule on his postjudgment motion for the production of newly discovered exculpatory evidence and for alleged *Brady*[1] violations. The court declined review because the case had already been accepted for review by the appellate court, and thus, Vines' motion was not properly before the court. Vines' court appointed counsel on appeal has filed an *Anders*[2] motion, seeking to withdraw as counsel.

Vines' appellate counsel suggests one potential issue: that the trial court failed to comply with RAP 7.2(e) by not hearing the motion on the merits and requesting permission from this court to enter the postjudgment order addressing Vines' claims, which he argues if considered by the trial court, would have changed the judgment.

We grant counsel's motion to withdraw and dismiss Vines' appeal.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

No. 52047-8-II

FACTS

Vines was convicted by jury with attempting to elude a pursuing police vehicle in Clallam County Superior Court.

Vines appealed his conviction and was represented in his direct appeal by his current appointed appellate counsel. After direct review was accepted by this court,[3] Vines filed a pro se motion in the trial court for production of exculpatory evidence and for alleged *Brady* violations related to a log documenting law enforcement communications during the incident. In the motion, Vines made a blanket request for non-specific exculpatory and mitigation evidence. His request included physical evidence in the possession of prosecutors relevant to guilt or innocence, all documents or records regarding accuracy or reliability of scientific or expert testing, the criminal record of witnesses called by the prosecution, evidence that might undermine the credibility of state witnesses, and statements of witnesses not called by the prosecution.

At a hearing on the motion held January 19, 2018, the State argued that the motion was not properly before the trial court because the appellate court had accepted the case for direct review. The court entered a minute order stating:

> The defendant's Motion for Production of Exculpatory Evidence filed December 18, 2017, is not properly before this court as the case was accepted for review in the Court of Appeals after the trial was concluded.

Clerk's Papers (CP) at 80.

---

[3] *State v. Vines,* noted at 5 Wn. App. 2d 1049, 2018 WL 5279097.

Vines appealed the minute order, filing the notice of appeal that is the subject of this opinion. The notice of appeal was later filed in the Clallam County Superior Court on March 21, 2018. This appeal was stayed on April 11, 2018, until after the conclusion of Vines' direct appeal.[4]

Vines appeals the trial court's decision declining to hear his motion on the merits, ruling that his motion for production of exculpatory evidence was not properly before the trial court. Vines' court appointed counsel on appeal moves to withdraw.

ANALYSIS

RAP 15.2(i) provides that court appointed counsel should file a motion to withdraw "[i]f counsel can find no basis for a good faith argument on review." Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), counsel's motion to withdraw must

> be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (quoting *Anders*, 386 U.S. at 744); RAP 18.3(a)(2). In accordance with this procedure, Vines' appellate counsel on appeal filed an *Anders* brief with the withdrawal motion. Vines was served with a copy of the brief and informed of his right to file a statement of additional grounds (SAG). Vines did not file a SAG.

---

[4] On direct appeal, we reversed and held in an unpublished opinion that there was insufficient evidence to support Vines' conviction for attempting to elude because the State failed to produce any evidence that the police vehicle was equipped with sirens. *Vines*, 2018 WL 5279097, at *11. Thus, we reversed his conviction and remanded with instructions for the trial court to vacate his conviction, enter a conviction for the lesser included misdemeanor offense of refusal to cooperate with an officer, and resentence him on the offense of refusal to cooperate with an officer. *Vines*, 2018 WL 5279097, at *11.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. We have reviewed the briefs and the record. We consider the following potential issue raised by counsel:

> [Whether] the court did not comply with RAP 7.2 and prematurely denied the motion without hearing the motion on the merits and without making a determination [as to] whether the production of exculpatory evidence would change the decision being reviewed.

Amended Motion to Withdraw and Brief Referring to Matters in the Record Which Might Arguable Support Review at 3.

We hold that there is no good faith argument that the trial court failed to comply with RAP 7.2 because that rule does not apply.

Here, the trial court determined that Vines' postjudgment motion for production of exculpatory evidence was not properly before the court because the case had been accepted for direct review by this court. Under RAP 7.2(e), the trial court has authority to hear certain postjudgment motions after a case has been appealed. However, once review is accepted, a trial court cannot modify a decision before the appellate court unless it first receives permission to do so. RAP 7.2(e).

> Under RAP 7.2(e), the trial court has authority to hear and determine:
>
> (1) postjudgment motions authorized by the civil rules, the criminal rules, or statutes, and
>
> (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. The postjudgment motion or action shall first be heard by the trial court, which shall decide the matter. If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision. A party should seek the required permission by motion.

4

Postjudgment motions authorized by the criminal rules fall under CrR 7.4 (Arrest of Judgment), CrR 7.5 (New Trial), and CrR 7.8 (Relief from Judgment or Order). Postjudgment motions authorized under the civil rules fall under CR 59 (New Trial, Reconsideration, and Amendment of Judgments), CR 60 (Relief from Judgment or Order), and CR 62 (Stay of Proceedings to Enforce a Judgment). Collateral attacks on the judgment are authorized under RCW 10.73.090 and a stay of judgment pending appeal is authorized under RCW 9.95.062.

Here, Vines' discovery motion does not fall under any of the postjudgment motions authorized under RAP 7.2(e). Nor did Vines' motion seek to change or modify a previous decision by the trial court under RAP 7.2(e).

Accordingly, RAP 7.2(e) does not apply here. We hold that the trial court was not authorized to consider Vines' motion on the merits, and thus, it did not err by declining to seek permission from the appellate court to hear the motion on the merits.

## CONCLUSION

Following review of potential issues raised by counsel, we conclude that the issues do not present a good faith argument for review. An independent review of the record does not reveal any potential nonfrivolous issues that may be raised in this appeal. Accordingly, we grant counsel's motion to withdraw and dismiss Vines' appeal.

No. 52047-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, A.C.J._
SUTTON, A.C.J.

We concur:

_Maxa, J._
MAXA, J.

_Cruser, J._
CRUSER, J.