# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56408-4-II |
| Respondent, | |
| v. | |
| THOMAS JUSTIN GUTZ, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Thomas Justin Gutz appeals his sentence for criminal mischief. He finished serving this sentence in December 2021. Gutz's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for good faith argument on review. Because Gutz's appeal is moot, we grant counsel's motion to withdraw and dismiss the appeal.

In 2019, Gutz was charged with possession of a controlled substance with intent to deliver—methamphetamine, possession of a controlled substance with intent to deliver—heroin, second degree assault, unlawful possession of a firearm, and bail jumping. The State alleged that Gutz committed the possession of a controlled substance with intent to deliver offenses within 1,000 feet of school grounds and within 1,000 feet of a school bus route stop. It further alleged that Gutz was armed with a firearm when he committed the controlled substance offenses and the assault. Gutz's offender score exceeded 9 points and included several prior convictions for controlled substance possession. If convicted of possessing a controlled substance with intent to deliver, he would face a standard sentencing range between 60 and 120 months before any possible enhancements. *See* RCW 9.94A.517(1); *see also* Br. of Resp't/Resp. to Mot. at 1 (suggesting that

No. 56408-4-II

when considering all of the charges and possible enhancements, "Gutz potentially faced over twenty years in prison").

Gutz and the State negotiated a plea agreement, where Gutz would plead guilty to possession of a controlled substance—methamphetamine and attempted bail jumping, enter an *In re Personal Restraint of Barr* plea[1] to felony criminal mischief while armed with a deadly weapon, and stipulate to an exceptional sentence of 40 months of confinement, which would be above the standard sentencing range for the crimes to which Gutz pleaded guilty but well below his previous exposure.[2] *See* RCW 9.94A.535(2)(a) ("The trial court may impose an aggravated exceptional sentence . . . [where t]he defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence" and the trial court "finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act."). The State's offer of settlement included a statement advising Gutz that if he were to later move to withdraw his plea or collaterally attack his sentence, that action would constitute a breach of the agreement, and the State would be "free to make any recommendation(s) it deems appropriate and/or to re-file any dismissed or withheld counts, enhancements, or aggravating factors." Clerk's Papers (CP) at 27.

---

[1] *See In re Pers. Restraint of Barr*, 102 Wn.2d 265, 270, 684 P.2d 712 (1984) (explaining that a criminal defendant may choose "to plead to a related lesser charge that was not committed in order to avoid certain conviction for a greater offense" where the choice "is based on an informed review of all the alternatives before the accused" and "the accused understands the nature and consequences of the plea bargain and has determined the course of action that [they] believe[] is in [their] best interest").

[2] Gutz's standard sentencing range for possession of a controlled substance was 12-24 months. Criminal mischief is an unranked felony.

Based on the parties' agreement that justice would be served by an exceptional sentence, the trial court sentenced Gutz to 40 months on count one, unlawful possession of a controlled substance, and 40 months on count two, felony criminal mischief, to be served concurrently.

After the Washington Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), and held the state's simple drug possession statute unconstitutional, Gutz moved to vacate his conviction for unlawful possession of a controlled substance. Gutz's motion did not request resentencing on his remaining conviction, but Gutz was under the impression that he would be resentenced when his possession conviction was vacated and that his offender score would be reduced based on *Blake*. The State also filed a joint motion with Gutz to vacate the unlawful possession conviction, and the trial court granted this motion.

At a hearing, the State argued that the change in Gutz's convictions did not permit a withdrawal of his plea to felony criminal mischief and that the plea agreement with respect to that conviction remained binding. Additionally, it clarified that because criminal mischief is an unranked felony, the sentencing range for that offense is not determined by an offender score. The State asserted it had upheld its end of the plea bargain and Gutz needed to do the same by serving the full 40-month sentence for criminal mischief. The agreement "was a stipulation to an exceptional sentence of 40 months on each count, so the fact that the possession of [a] controlled substance [conviction] is vacated under the *Blake* analysis doesn't change that the criminal mischief 40 months remains in place." Verbatim Report of Proceedings (July 12, 2021) at 92.

Gutz personally expressed that he had worked hard and was eager to get out of prison to return to his young son, but he told the court, "regardless of what happens today, you know, I have five months left on my 40 month sentence and if it's your decision that I have to go back and finish

that time then that's -- that's really not going to deter me from where I've gotten to at this point." *Id.* at 99. Gutz's counsel expressed concern that if he were to argue for fully vacating Gutz's guilty plea to allow for a possible resentencing, Gutz could end up facing the more serious charges again.

The trial court summarized that based on its review of the case file, if it allowed Gutz to withdraw his plea, he would probably face "a higher [sentencing] exposure" with "no guarantees." *Id.* at 102. It concluded, "I believe it's in the best interest of the community at this point to continue with the 40 month sentence." *Id.* The trial court entered an amended felony judgment and sentence, which included only the conviction for criminal mischief and did not contain an offender score, and it resentenced Gutz to 40 months of confinement with credit for time already served. It again found that this exceptional sentence was based on the parties' agreement and in the interest of justice.

Gutz then filed a pro se notice of appeal, requesting that we review his sentence, and he was appointed counsel. In the space provided for an appellant to note the issues that they would like reviewed on appeal, Gutz wrote, "I was [g]iven [an] exceptional sentence outside of the standard range." CP at 102.

Gutz's court-appointed counsel then filed a motion to withdraw, asserting they found "no basis for a good faith argument on review." RAP 15.2(i), 18.3(a)(2). Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed [them] to raise any points that [they] choose[]; *the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.*"

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (boldface omitted) (quoting *Anders*, 386 U.S. at 744). Despite counsel's diligent efforts, attempts to share counsel's brief with Gutz and to advise Gutz of his right to file a statement of additional grounds for review were unsuccessful. *See* Mot. to Withdraw and Br. Referring to Matters in the R. Which Might Arguably Supp. Review, Decl. of Counsel in Compliance with *State v. Theobald* (detailing counsel's attempts to obtain Gutz's current contact information through prior appellate counsel, trial counsel, Clark County Jail booking documents from Gutz's arrest, the Department of Corrections' inmate database, and the Clark County Probation Department). Counsel did, however, provide briefing that addresses the single issue Gutz noted in his pro se notice of appeal. Accordingly, we will proceed with our review of that issue.

We have reviewed the briefs filed in this court and have independently reviewed the entire record. We have considered the following potential issue raised by both Gutz and his counsel—whether the trial court abused its discretion when it declined to reduce Gutz's sentence after vacating his conviction for unlawful possession of a controlled substance. We conclude that this appeal is wholly frivolous as there is no issue that presents a reasonable possibility of reversal.

This appeal is wholly frivolous because the challenge to Gutz's sentence is now moot. A case is moot if we "'can no longer provide effective relief.'" *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017) (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). An appellant's challenge to their sentence is moot once that sentence has been fully served. *State v. M.S.*, 197 Wn.2d 453, 456 n.2, 484 P.3d 1231 (2021). The State represents that "Gutz has served

No. 56408-4-II

his sentence and that he was released by the Department of Corrections on December 22, 2021."
Br. of Resp't/Resp. to Mot. at 6. We can no longer provide the relief that Gutz requests.[3]

Unless a moot appeal involves questions of continuing and substantial public interest, it
should be dismissed. *Cruz*, 189 Wn.2d at 597-98. A claim that "is tied up in the unique facts of [a]
case" will not meet the public interest exception. *State v. B.O.J.*, 194 Wn.2d 314, 322, 449 P.3d
1006 (2019). Gutz's individualized sentence, imposed as a result of a negotiated plea agreement,
does not qualify as a matter of continuing and substantial public interest.

The issue raised is wholly frivolous, and the appeal is moot. We therefore grant counsel's
motion to withdraw and dismiss the appeal.

A majority of the panel having determined that this opinion will not be printed in the
Washington Appellate Reports, but will be filed for public record in accordance with RCW
2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Price, J.

---

[3] We note that Gutz's amended judgment and sentence does not rely on or contain an offender
score because his one remaining conviction for criminal mischief was unranked. So, there is no
issue as to whether relief is still available in the form of correcting Gutz's offender score to exclude
prior convictions that have been vacated under *Blake*.