IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Respondent. <br><br> v. <br><br> SONG WANG, <br><br> Appellant. | No. 85283-3-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

PER CURIAM — Song Wang appeals a trial court order denying his postconviction motion for deoxyribonucleic acid (DNA) testing. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744) (alterations in original).

This procedure has been followed. Wang's counsel on appeal filed a brief with the motion to withdraw. Wang was served with a copy of the brief, and informed of his right to file a statement of additional grounds for review. Wang filed a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel: (1) whether the trial court violated Wang's right to due process when it decided his motion for postconviction DNA testing without obtaining a response from the State or holding a hearing and (2) whether the trial court erred by denying Wang's motion without reviewing the entire trial record. The court also specifically considered the following issues raised by Wang: (1) whether the trial court erred in denying his motion for postconviction DNA testing on its merits and (2) whether a new trial is required because the trial court in Wang's direct appeal failed to read the jury instructions aloud.

The issues raised are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

FOR THE COURT:

_____
Díaz, J.

_____
Coburn, J.

_____
Dwyer, J.

-2-