IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>     v.<br><br>EDWARD COBB,<br><br>               Appellant. | No. 86606-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Edward Cobb appeals from an order denying his motion for postconviction DNA[1] testing. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),

> "Th[e] request [to withdraw] must . . . (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

*Theobald*, 78 Wn.2d at 185 (quoting *Anders*, 386 U.S. at 744).

This procedure has been followed. Cobb's counsel on appeal filed a brief with the motion to withdraw. Cobb was served with a copy of the brief and informed of his right to file a statement of additional grounds for review (SAGR).

The material facts are accurately set forth in counsel's brief in support of the

---

[1] Deoxyribonucleic acid.

motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the potential issues raised by counsel, i.e., whether the trial court deprived Cobb of due process when it decided his motion for postconviction DNA testing without a hearing and whether the trial court erred by denying Cobb's motion.

The potential issues are wholly frivolous, and our independent analysis of the record has revealed no other potentially reversible error.[2] Counsel's motion to withdraw is granted, and the appeal is dismissed.

FOR THE COURT:

_Mann, J._

_Feldman, J._

_Chung, J._

---

[2] Cobb has filed a SAGR in which he challenges the underlying convictions and the judgment and sentence (J&S) entered on those convictions. But Cobb's convictions and the J&S are not properly before us given that this appeal is from a postconviction motion for DNA testing. *See* RAP 10.10(a) (defendant may file a SAGR "to identify and discuss those matters *related to the decision under review*" (emphasis added)). Accordingly, we do not reach the issues that Cobb raises in his SAGR.