IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON

Respondent,

v.

DAYE'VION ROYALSTON,

Appellant.

No. 87746-1-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Daye'Vion Royalston appeals from an order denying his motion under CrR 7.8 seeking to withdraw his guilty plea. His court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),

> "Th[e] request [to withdraw] must . . . (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

*Theobald*, 78 Wn.2d at 185 (quoting *Anders*, 386 U.S. at 744).

This procedure has been followed. Royalston's counsel on appeal filed a brief together with the motion to withdraw. Royalston was served with a copy of the brief and informed of his right to file a statement of additional grounds for review (SAGR).

The material facts are accurately set forth in counsel's brief in support of the

motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the potential issue raised by counsel, i.e., whether the trial court erred in denying Royalston's motion to withdraw his plea on the basis that counsel rendered ineffective assistance in failing to inform Royalston of the possible sentence he faced. The court also considered potential issues Royalston raised in his Statement of Additional Grounds for Relief related to evidence about a prior request to withdraw his plea and alleged misinformation about a section of the plea agreement.

The potential issues are wholly frivolous, and our independent analysis of the record has revealed no other potentially reversible error. Counsel's motion to withdraw is granted, and the appeal is dismissed.

FOR THE COURT:

Feldman, J.

Birk, J.

Chung, J.